IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00374-CR

 

Alisha Beightol,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 32913CR

 



MEMORANDUM  Opinion










 

            Alisha Beightol was convicted by a jury
of the offense of Possession of a Controlled Substance with Intent to Deliver –
Penalty Group I.  Tex. Health &
Safety Code Ann. § 481.112 (Vernon 2003).  She was tried jointly with
her co-defendant, Donnie Lloyd Poole, who was also convicted of the same
offense.[1]  Based
on the jury’s verdict in the punishment phase, the trial court sentenced
Beightol to imprisonment for seven (7) years in the Texas Department of
Criminal Justice – Institutional Division.  Because we find that the denial of
Beightol’s motion for an instructed verdict was proper, the issues regarding
the chain of custody and the improper foundation of the evidence were waived
due to inadequate briefing, and the trial court did not abuse its discretion in
the admittance of the exhibits regarding the composition of the
methamphetamine, we affirm the judgment.

Instructed Verdict

            Beightol argues that the trial court
erred in denying her motion for an instructed verdict at the close of the
evidence because there was insufficient evidence that Beightol had knowledge or
was otherwise involved in the drug transaction at issue.

            An instructed (or directed) verdict is
a challenge to the legal sufficiency of the evidence.  Williams v. State,
937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  In reviewing the legal sufficiency
of the evidence, this Court looks at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

            Under a legal sufficiency review, we
consider all of the evidence admitted, both properly and improperly admitted,
as well as direct and circumstantial evidence.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001).  The jury, as sole judge of the
witnesses' credibility and the weight to be given their testimony, is free to
accept or reject any or all of the evidence presented by either side.  See
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  The
reviewing court must give deference to "the responsibility of the trier of
fact to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts."  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. at 318-19).  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor and can alone be
sufficient to establish guilt.  Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

Beightol argues that the evidence was insufficient
to connect her to the transaction.  Beightol was charged both as a principal
and under the law of parties.  See Tex.
Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (Vernon
2003).  Therefore, if there is legally sufficient evidence that Beightol acted
as either a principal or party to the offense, we will uphold the jury's
verdict.  See Rabbani v. State, 847 S.W.2d 555, 558 (Tex. Crim. App.
1992) ("The principle is well-established that when the jury returns a
general verdict and the evidence is sufficient to support a guilty finding
under any of the allegations submitted, the verdict will be upheld.").

Under the law of parties, "[a] person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally
responsible, or by both."  Tex.
Pen. Code Ann. § 7.01(a) (Vernon 2003).  A person is "criminally
responsible" for an offense committed by the conduct of another if, acting
with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense.  Id. § 7.02(a)(2).  Evidence is sufficient to convict under the
law of parties where the accused is physically present at the commission of the
offense and encourages its commission by words or other agreement.  Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  In determining
whether an accused participated as a party, the fact finder may examine the
events occurring before, during, and after the commission of the offense and
may rely on actions of the accused that show an understanding and common design
to commit the offense.  Id.  Further, circumstantial evidence may be
used to prove party status.  Id.  To convict under the law of parties,
when the defendant is not the "primary actor," the State must prove
(1) conduct constituting an offense, and (2) an act by the defendant that was
done with the intent to promote or assist such conduct.  Christensen v.
State, 240 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). 

A transaction between Poole, known by law
enforcement to be a drug dealer, and a confidential informant was set up for
the sale of 14 grams of methamphetamines to be delivered by Poole at a
convenience store.  Beightol was traveling in the front passenger seat of Poole’s vehicle.  Through phone conversations which were recorded, the location of the
transaction was moved to a second location.  The confidential informant entered
 Poole’s van and gave a pre-arranged signal to law enforcement stationed nearby
that drugs were present.  Poole was arrested for traffic warrants and Beightol
was detained at the scene. 

The recording of the telephone conversations was
admitted into evidence.  A voice that was said to be Beightol’s had a
conversation with the confidential informant where the original location of the
transaction, the change of the time of the meeting, and money were discussed. 
In the same conversation, Poole said that “it” would be in a stick of
deodorant.  An empty deodorant stick and the deodorant that had been removed
were located on the floor between where Beightol and Poole were seated.  The
drugs were located in the rear of the van.  Reviewing the evidence under the
appropriate standards, giving deference to the jury as the determiner of facts
and the credibility of the witnesses, we find the evidence was legally
sufficient to prove that Beightol was, at a minimum, guilty as a party of the
offense as charged.  We overrule Beightol’s first issue.

 Improper Foundation and Chain of Custody

            Beightol argues that the trial court abused its discretion in
admitting three exhibits because the proper foundation for the exhibits was not
established and that the State’s witnesses failed to establish the chain of
custody of the exhibits prior to trial.  Beightol offers no other argument or
authorities regarding these two issues.  Therefore, these issues are
inadequately briefed, and therefore, are waived.  See Tex. R. App. P. 38.1(i).  See Russeau
v. State, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005).  We overrule issues
two and four.

Composition of Controlled Substance

            Beightol contends that the trial court abused its discretion by
admitting three exhibits since the sponsoring witness, a DPS chemist, was
unable to testify as to the actual amount of methamphetamine contained in the
controlled substance and that the indictment only alleged possession of a
controlled substance, namely, methamphetamine, and does not specifically
include adulterants and dilutants.  However, the definition of a “controlled
substance” in the Texas Health and Safety Code is as follows:

“Controlled substance” means a substance,
including a drug, an adulterant, and a dilutant….  The term includes the
aggregate weight of any mixture, solution, or other substance containing a
controlled substance.”  

 

Tex. Health
& Safety Code Ann. § 481.002(5) (Vernon 2003).

            The DPS chemist testified that the
total weight of the drugs seized was 13.86 grams in weight and contained
methamphetamine.  We overrule issue three.

Conclusion

            We find that the trial court did not
err in denying Beightol’s motion for an instructed verdict.  We find that the
issues regarding the chain of custody and improper foundation were waived due
to inadequate briefing.  We find that the trial court did not otherwise abuse
its discretion in the admittance of the exhibits.  We affirm the judgment of
conviction.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed November 25, 2009

Do not publish

[CR25]









[1] Poole has also appealed his conviction in No. 10-08-00387-CR.